JUDGE CASTEL

**07 CV 10510**

Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Plaintiff Berlian Laju Tankers
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:   (646) 329-0120
Facsimile:   (646) 328-0121
William R. Bennett, III  (WB 1383)
wbennett@bgmplaw.com



NOV 21 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BERLIAN LAJU TANKERS,                                         07-CIV-

           Plaintiff,

- against -

ESC TRADING SA,                                               **VERIFIED COMPLAINT**

           Defendant.
-----------------------------------------------------------X

      Plaintiff, BERLIAN LAJU TANKERS, by its attorneys, Bennett, Giuliano, McDonnell & Perrone, LLP, complaining of the defendant ESC TRADING SA herein, alleges upon information and belief as follows:

      1.      This is a case of Admiralty and Maritime jurisdiction, as hereinafter more fully appears, and is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

      2.      At all times hereinafter mentioned, Plaintiff, BERLIAN LAJU TANKERS (hereinafter "BERLIAN"), was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and principal place of business outside the United States.

      3.      At all times hereinafter mentioned, defendant ESC TRADING SA ("ESC"), was, and now is, a corporation or other business entity duly organized and existing under and by

virtue of the laws of a foreign country, with an office and principal place of business in Geneva, Switzerland.

4. On or before August 6, 2007, BERLIAN and ESC entered into a maritime contract, commonly referred to as an ASBATANKVOY charterparty, for the employment of the vessel M/T HARTATI. A copy of the charterparty fixture note is attached hereto as Exhibit 1.

5. The charter required BERLIAN to deliver the vessel to Riga, Latvia to load and carry ESC's cargo to Immingham, United Kingdom.

6. BERLIAN delivered the vessel to Riga, Latvia ready to receive the cargo.

7. ESC refused to load the cargo.

8. ESC, by email dated 9 August 2007, advised BERLIAN that it chartered another vessel.

9. ESC breached the charterparty, refused to perform, and as a result, BERLIAN has suffered damages totaling $71,596.34.

## LONDON ARBITRATION

10. Pursuant to the terms and conditions of the ASBATANKVOY charterparty, all disputes between the parties herein are subject to arbitration in London.

11. This action is expressly filed without prejudice to that right.

## REQUESTED RELIEF

12. BERLIAN seeks issuance of process of maritime attachment so that it may obtain security up to the amount of $71,596.34 for its claims under the maritime contract.

13. The defendant cannot be found within this district, but is believed to have assets within this district consisting of cash, funds, freight, hire, credits in the hands of American Express Bank, JP Morgan Chase, Citibank, Bank of America, Bank of New York, BNP Paribas,

Deutsche Bank, HSBC (USA) Bank, Fortis Bank and other New York City banks and financial institutions.

**WHEREFORE,** plaintiff prays:

1. That judgment in the sum of $71,596.34 be entered in favor of BERLIAN and against ESC, together with interests and costs from the date of the defendant's breach of contract;

2. That process of maritime attachment and garnishment be issued and levied against cash, funds, and credits of ESC, in the hands of American Express Bank, JP Morgan Chase, Citibank, Bank of America, Bank of New York, BNP Paribas, Deutsche Bank, HSBC (USA) Bank, Fortis Bank or any other bank located in New York, New York, in the sum of $71,596.34, and that process in due form of law according to the practice of this Honorable Court in cases of Admiralty and Maritime jurisdiction may issue against ESC, citing them to appear and answer under oath all and singular the matters aforesaid.

3. That pursuant to Rule B of the Special Admiralty Rules of the Federal Rules of Civil Procedure the assets of ESC be seized; and,

4. That the plaintiff be granted such other, further, and different relief as in law and justice it may be entitled to receive.

Dated: November 20, 2007
New York, New York

Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Plaintiff

_____
William R. Bennett, III
494 Eighth Avenue, 7th Floor
New York, New York 10122
Telephone:   (646) 328-0120

# EXHIBIT 1

```
**********************
Your mail has been scanned by BLT TM-IMSS System
***********-**********
```

Dear Eko and Ibu Yana,

Please find below clean recap for Hartati V11/07. Thanks.

Best regards,

Dharmadi Diputra
Berlian Laju Tanker
Dubai Representative Office on behalf of BLT Jakarta
Phone: +971 4 3533737
Fax: +971 4 3533828
Mobile: +971 50 6257819
Yahoo: dharmadi_blt
MSN: d_diputra@hotmail.com
E-mail: bltdubai@eim.ae
Website: www.blt.co.id

-----Original Message-----
From: tankers@braemarseascope.com [mailto:tankers@braemarseascope.com]
Sent: Monday, August 06, 2007 9:14 PM
To: marketing@blt.co.id
Subject: subs lifted hartati_esc trading cp 06.08.07

```
**********************
Your mail has been scanned by BLT TM-IMSS System
***********-**********
```

FROM :   BRAEMAR SEASCOPE

DATE :   06/08/2007
TIME :   18:13:48
REF  :   TJ32069285
Tel: (44) 20 7535 2626, Fax: (44) 20 7535 2627


fm: braemar seascope limited / tim jacobs

attn: dharmadi

confirming our telcon, when subjects were lifted herewith fixture recap dated august 6th 2007

```
account:         esc trading sa

vessel         : hartati

sdwt           : 14312 metric tonnes
sdraft         : 8.813 metres
loa            : 134.16 metres
beam           : 20.5 metres
flag           : singapore

built          : oct 13, 2004

class          : nipon kaiji kyokai

cubic 98 pct   : 15591.8 cu. metres
slop 98 pct    : 649.045 cu. metres
segregations   : 20

pumps          : 10 x 300 cu. metres/hour (deepwell)
                 10 x 200 cu. metres/hour (deepwell)

tpc / tpi      : 23.41 metric tonnes / 59.4614 metric tonnes
bcm            : 62.19 metres
ktm            : 36.61 metres
igs            : no

cow            : no

sbt/cbt        : sbt

vrs            : yes

grt            : 8270

nrt            : 4724

pcnt           : 6994

scnt           : 8937.54

derrick/crane: cranes: 1 x 5 tonnes

coated         : sus 316l

hull           : double hull

call sign      : s6ap4

p and i        : britannia steam ship insurance association ltd
```

```
coc/tvel        : not applicable

isps.           : apr 07, 2010


to the best of owners knowledge vessel is approval by:

shell, cdi, bp, exxon


last 3 cargoes:    1st last: mtbe/ethanol
                   2nd last: meoh
                   3rd last: lubes


for a single voyage


charterers option to complete upto a full cargo, 1/3 grades within vessel's
natural segregation clean petroleum products unleaded undarker  2.5 npa intention
ulsd including fame and/or kerosene

load:              1 safe port riga


discharge:         1 safe port immingham


laycan:            7/8 august 2007

freight rate:      lumpsum u.s.d 145,000


laytime:           48 hours shinc



demurrage:         u.s.d. 15,000 per day / pro rata


asbatankvoy cp


-ships dues immngham to be for charterers account

-for sake of good order ships dues in immingham are pounds sterling
 4.52 per NRT (4.52 x 4724 = pounds sterling 21,352)



esc trading sa terms to apply (see attachment) with following
```

amendments

Clause 1:
(iii) Delete all

Clause 3:
Delete "If vessel arrives after the cancelling date stipulated in Clause 1, part one, laytime shall not commence before all fast."

Clause 4:
Delete last sentence

Clause 5:
Delete last sentence

Clause 6:
Delete "concurrent with cargo work or not"

Insert "unless it is done together with loading/discharging operation"

Change "Any delays as a result of vessel arriving at loading port, and not being to Charterer's Inspector's satisfaction, to be for Owner's account" with "In case charterer's inspector find tanks are not suitable to load the cargo, owner will reclean at owner time and expense. Charterer's inspector to declare the reason if vessel do not meet their satisfaction"

Clause 7:
Delete all

Clause 8:

delete and insert 'charterers agents load at discharge port (provided competitive both ends) '

Clause 9:
Insert "demurrage" between "any" and "claim"

Change "60" with "90"
Insert "charterer to pay undisputed demurrage claim within 30 days after receiving owner's invoice"

Clause 10:
Delete "in the following form"

Insert " as per owner's P+I Club wording" before "(without bank guarantee)"

Delete "The Letter of Indemnity to be issued in the form of an envokement" until the end of the clause

Clause 11:
Delete all

Clause 12:
Delete all

Clause 14:
Change "one third" with "half"

Clause 16:
Insert "if obtainable"

Clause 17:
Delete all

Clause 24:
Change "to deduct from freight" with "to claim from owner"
Delete "plus freight"

Clause 25:
Delete all

Clause 29:

Delete all As per main terms

Clause 33:
Change "not to count" with "count half"

5 percent total commission is payable by owners of which 2.5 percent address and 2.5 percent to braemar seascope limited on freight and demurrage


+++

many thanks your good support with this fixture


regards
tj

for and on behalf of braemar seascope limited

tel:    +44 207 535 2630
mob:    +44 7778 157540
fax:    +44 207 535 2627
email:  tankers@braemarseascope.com

This e-mail and any attachments are strictly confidential and intended for the addressee only. If you are not the named addressee you must not disclose, copy or use the information contained herein and you should notify the sender as soon as possible. Any views expressed in this message are those of the individual sender and not of Braemar Seascope Ltd., except where the message states otherwise. This e-mail and any attachments are believed to be free from viruses but it is your responsibility to carry out all necessary virus checks. Braemar Seascope Ltd. accepts no liability for any damage caused by any virus transmitted by this e-mail. Please note that replies to this email address are treated as confidential but may be made accessible by, or distributed to, any member of staff within the Braemar Seascope Group.

Registered in England No 1020997 : VAT Registration No 503295565.

## VERIFICATION

William R. Bennett, III, under the penalty of perjury states:

1. That he is a member of the firm of Bennett, Giuliano McDonnell & Perrone LLP, attorneys for the plaintiff herein; that he has read the foregoing Verified Complaint and knows the content thereof and that the same is true to the best of his knowledge, information and belief.

2. That the reason this verification is made by deponent and not by plaintiff is that plaintiff is a corporation and no officers or directors are within the district.

3. The sources of deponent's information and the grounds for his belief are statements made by and documents received from representatives of said corporation.

_____
William R. Bennett, III (WB 1383)

Z:\Documents\All Files\D736 MT HARTATI\Pleadings\VerComp-112007.doc